### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF MERRIMACK, JANUARY TERM,

### A. D. 1829.

---

## CALEB MILLS *versus* CALEB STARK.

A owned a close adjoining a highway, and B owned another close adjoining the same highway, and opposite the close of A. A's cattle strayed from his said close, through defects in his fence, into the highway, and thence into the close of B, through defect of B's fence—it was held that B might lawfully take the cattle as a distress for the damage they had done.

REPLEVIN for cattle. The defendant avowed the taking, because the close, in which, &c. was the close of the defendant, and the said cattle being then and there doing damage, he avowed the taking of them as a distress for such damage.

The plaintiff replied to this avowry, that he was seized of a close adjoining the said close of the defendant, that the cattle were lawfully in a highway between the two closes, and escaped into the defendant's close through defect of fences, which the defendant was bound to repair.

To this the defendant answered, that the cattle were not lawfully in the highway, and upon this the parties joined issue.

The cause was submitted to the decision of the court upon the following facts.

Mills
*v.*
Stark.

On the morning of the day when the defendant took the cattle, the plaintiff put them into his said close, mentioned in his answer to the avowry, and the fence being defective, the cattle, in the course of that day, escaped through the fence of the plaintiff into the highway, and from the highway into the defendant's close, his fence being also defective ; and the cattle being so in the defendant's close, he took them damage feasant.

And it was agreed, that judgment should be rendered for the plaintiff or the defendant, according to the opinion of the court upon the foregoing case.

*Fletcher*, for the plaintiff.

*Stevens*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. It must now be considered as settled, in this state, that no man is bound to fence against cattle that are upon the highways, unless they are rightfully there. *Avery* v. *Maxwell*.

The public have in highways only a mere right of passage, the soil, and freehold being in those, through whose lands, the highways may have been opened. 1 N. H. Rep. 16, *Makepeace* v. *Warden* ; 1 Burr. 143 ; 2 Strange, 1004, *Lade* v. *Shepherd* ; 15 Johns. Rep. 447, *Jackson* v. *Hathaway*.

And the owner of the soil in a highway may have trespass, if the cattle of others do any thing more than merely pass and repass. 16 Mass. Rep. 33, *Stackpole* v. *Healy*.

The question, then, in this case is, whether the cattle of Mills were rightfully in the highway ? If they were, and escaped into Stark's enclosure through defects in his fence, which is agreed to have been insufficient and out of repair, he had no right to take them as a distress for the damage they had done, and the plaintiff is entitled to judgment. But if, on the other hand, the cattle were not rightfully on the highway, Stark was not bound by law to fence against them, and when they strayed into his

enclosure, it was a trespass which rendered the taking of them lawful, and he is entitled to judgment.

The case does not state to whom the soil of the highway belongs. But it is agreed that the land on one side of the way belongs to the plaintiff, and on the other side to the defendant, and the presumption of law in such a case is, that their lands respectively extend *usque ad filum viæ*, so that the soil of one half the road belongs to one, and of the remaining half to the other. 1 Holt's N. P. C. 463, *Headlam* v. *Hadley*.

The general rule of the common law is, that every man is bound to keep his cattle upon his own land at his peril. 19 Johns. Rep. 385 ; 1 Cowen, 79, note. This rule has, however, exceptions.

1st, A man has a right to drive his cattle along the public highways , and if in exercising this right he use ordinary care and diligence and the cattle escape into the adjoining enclosures without his fault, he is not liable for any damage they may do. 2 H. Bl. 527, *Dovaston* v. *Payne*.

2d, When the fence between the adjoining closes of A and B has been divided by agreement, or by the fence viewers, and the cattle of A escape into the close of B through defects in that part of the fence which B is bound to repair, A, the owner of the cattle, is not answerable for any damage they may do there. But if, in such case, the cattle wander from the close of B into the close of C, A will be answerable, although they go into the close of C, through defects in the fence which C is bound to repair. But A, in such a case, may recover of B, in an action on the case, any damage he may thus sustain through defects in B's fence. 6 Mass. Rep. 99.

3d, Another exception is supposed to have been created by the statute of February 8, 1791, entitled " an act relative to common fields and regulating fences," the ninth section of which enacts, " that where any damage shall be done to any person whose fence is insufficient, and

such damage shall happen through such deficiency of fence, by swine yoked and ringed according to law, horses fettered, and other creatures not prohibited from feeding on the highways, or common, the person sustaining such damage may not impound such creatures so doing damage, nor shall he recover any damages therefor."

This clause has been construed to throw upon the owners of all closes adjoining highways, the burthen of fencing them against all creatures lawfully in the highways for any purpose. Thus it has been imagined, that if I put my horse into the highway to graze, where the soil of the whole road is my freehold and the horse wander into my neighbor's adjoining close, through defect of his fence, he has no remedy.

And, perhaps, if all the inhabitans of a particular neighborhood, by common consent, permit their cattle to run at large and feed upon the highways promiscuously, the cattle of each one may be considered as rightfully in the highway, so long as they remain there in any place where the soil belongs to any one of such neighborhood.

In this case, the plaintiff was not exercising his right to drive the cattle along the highway when they escaped into the defendant's enclosure. It does not appear, that there was any common understanding in the neighborhood, that their cattle should run at large, promiscuously, upon the highways through their lands. The plaintiff owned the soil of only one half of the road. His case then must be governed by the general rule, and does not come within any of the exceptions. When his cattle strayed from his pasture into the highway, they became trespassers, the moment they passed the thread of the road and entered the half of the way where the defendant was owner of the soil. They cannot therefore be considered as rightfully in the highway when they

wandered into the defendant's enclosure. He was not then bound by law to fence against them and whatever might have been the condition of his fence, as he found the cattle in his enclosure doing damage, he had a right to take them as a distress for the damage they had done, and is clearly, upon the case stated, entitled to judgment.

*Judgment for the defendant.*